IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICKY BLOUNT,

                      Plaintiff

     VS.

WILLIAM TERRY, *et al.*,

                      Defendants

NO. 5:08-CV-124 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Pending before the court is defendants' motion seeking dismissal which avers, *inter alia*, that the plaintiff failed to exhaust the administrative remedies available to him before filing this federal lawsuit. Tab #19.

**PROCEDURAL BACKGROUND**

Plaintiff RICKY BLOUNT filed the instant COMPLAINT under 42 U.S.C. § 1983 alleging that the defendants had, in numerous ways and on several occasions, violated his right of access to the courts. Tab #1. After an initial review, the undersigned ordered the plaintiff to clarify his COMPLAINT. Tab #5. In an effort to assist the plaintiff, the undersigned, in this order, posed several questions for the plaintiff to answer. Plaintiff filed a supplement to his COMPLAINT (Tab #6) and, after a review thereof, the undersigned dismissed plaintiff's claims against defendants ROBINSON and THOMAS and ordered that service be made upon defendants DUCOTE, HUDSON, BOBBITT, HILSON, and TERRY (Tab #7).[1] Defendants DUCOTE, HUDSON, BOBBITT, HILSON, and TERRY subsequently filed a PRE-ANSWER MOTION TO DISMISS plaintiff's COMPLAINT and a brief in support thereof contending that plaintiff BLOUNT failed to exhaust his administrative remedies and failed to state a claim. Tab #18 and Tab #19.

On October 14, 2008, plaintiff BLOUNT filed a RESPONSE to defendants' MOTION TO DISMISS (Tab # 23) to which they replied on October 20, 2008 (Tab # 24). Plaintiff has additionally filed a MOTION FOR MORE TIME IN THE LAW LIBRARY (Tab #25) as well as a MOTION TO DECLARE THE GRIEVANCE PROCEDURE UNCONSTITUTIONAL (Tab #28) to which the defendants have responded (Tab #26 and Tab #29).

---

[1] While plaintiff's Complaint also lists a Counselor Amica and a Counselor Hill as defendants, no service has been ordered or made upon these defendants to date.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION

As previously noted, the plaintiff's Complaint alleges multiple violations against many defendants occurring over the course of a year. Because there are multiple defendants and multiple claims, the undersigned shall deal with each defendant in turn.

### *Defendant Ducote*

Plaintiff BLOUNT alleges that, in April of 2007, defendant DUCOTE withheld his legal mail. In an effort to clarify this allegation, the undersigned directed the plaintiff to specify, *inter alia*, the nature of this legal mail, the case name, number, and type that was allegedly impaired by the withholding of this mail, and whether plaintiff ever received the mail that was allegedly withheld. In his response/supplemental complaint, BLOUNT states that the document was a first set of interrogatories, the relevant case was *Blount v. Saba, et al.*, 1:07-cv-00019, and that he did receive the mail one week later. With regard to how this alleged withholding of legal mail impeded the relevant case, plaintiff simply alleges that it "discourage[d] the plaintiff from pursuing the legal right." While there is no question that inmates have a constitutional right of access to the courts, mere feelings of discouragement do not state a constitutional claim. *See Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977);Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996). Therefore, IT IS RECOMMENDED that this claim be DISMISSED

Plaintiff, also alleges in February of 2008, as a result of a theft in the prison mail room, he did not receive an order of this court to directing him to supplement his COMPLAINT in Civil Action No. 5:07-CV-481 (CAR). This, according to plaintiff BLOUNT was also the fault of defendant DUCOTE. In light of this allegation, the undersigned directed the plaintiff to provide specific facts showing how defendant DUCOTE could be responsible for the loss of the order. Plaintiff BLOUNT responded by stating that the Department of Corrections has a specific procedure for handling legal mail which defendant DUCOTE violated, resulting in the loss of plaintiff's mail. Plaintiff further contends that, as a result of not receiving the court's order, his case was dismissed without prejudice for failure to respond.

Defendants do not dispute the plaintiff's allegation that his case was dismissed. However, they argue that that since the same claims raised in Civil Action No. 5:07-CV-481 have been raised in the instant case and are now being considered by the court, plaintiff BLOUNT suffered no actual injury and has therefore failed to state a claim. The undersigned does not agree. It appears to the undersigned that plaintiff has sufficiently stated a claim in this instance requiring further factual development. However, this contention may be revisited after the facts have been developed. Accordingly, IT IS RECOMMENDED that the defendants' request for the dismissal of this claim be DENIED.

### *Defendants Hilson, Hudson, and Bobbit,*

In his Complaint, plaintiff BLOUNT alleges that in August of 2007, defendant HUDSON confiscated some of his "legal documents." He further avers that in September of 2007, defendant BOBBIT took his "legal materials" and threw them away. Plaintiff also claims that in November of 2007, defendant HILSON took two "law books" and eight postage stamps from plaintiff. In relation to these three allegations, the undersigned directed the plaintiff to answer the following questions: (1) What was the case name(s), case number(s), and type of proceeding(s) that was allegedly impaired by the confiscation of all of these legal documents, materials, and books? (2) What was the nature of the confiscated "legal materials"? (3) What was the specific way you were hindered in the case(s) and how could such injury have been avoided had your legal materials not been confiscated?

In response to these inquiries, plaintiff states that the legal proceeding involved was a habeas corpus petition challenging his 1993 Dougherty County trial and conviction which he was in the process of preparing. In response to the undersigned's inquiry about the nature of the legal materials which had been confiscated, plaintiff advises that the legal materials included a trial transcript, envelopes, carbon paper, legal pad, writing pens, two "law books" and several postage stamps. Plaintiff further explains that the way in which he was hindered was that, without all of the aforementioned supplies, he was unable to research, prepare, and file the petition.

In response to these contentions by the plaintiff, the defendants raise the affirmative defenses of failure to exhaust and failure to state a claim. As to the claim against defendant HILSON, defendants aver that the same is unexhausted because plaintiff BLOUNT failed to complete the three-step grievance procedure in place throughout the Georgia Department of Corrections. To support this argument the defendants have submitted the affidavits of both Sandra Butler and Veronda Cladd, Interim Manager of the Inmate Affairs and Appeals Unit for the GDOC and Administrative Assistant at Macon State Prison, respectively. In her affidavit, Ms. Cladd states that the plaintiff acknowledged receipt of the denial of his formal grievance related to the alleged confiscation of law books and stamps by defendant HILSON. In her affidavit, Ms. Butler states that plaintiff BLOUNT never filed an appeal of this grievance. As such, with regard to the claim against defendant HILSON, it appears that plaintiff BLOUNT has failed to exhaust his administrative remedies.

With regard to the claims against defendants HUDSON and BOBBIT, defendants argue that plaintiff has failed to state a claim. This, according to the defendants, is because the plaintiff has failed to show an actual injury. In support of this conclusion, defendants argue that plaintiff's claim of injury regarding his habeas corpus petition should fail for several reasons. First, the defendants point out that plaintiff BLOUNT has made no allegation that his habeas corpus petition was ever submitted, denied, or dismissed. *See Wilson v. Blankenship,* 163 F.3d 1284, 1290-91 (11th Cir. 1998) (In order to demonstrate actual injury, "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.") Next, they contend that plaintiff BLOUNT has not shown or even alleged that he has been prevented from filing his habeas corpus petition since the time of the alleged confiscations. Finally, if not somewhat repetitively, the defendants note that the plaintiff cannot claim injury because he still has the ability to file his habeas corpus action if he can show, as alleged in the instant case, that the defendants conduct impeded such a filing.

While the undersigned does not collectively find the above arguments particularly persuasive, it does appear that the plaintiff's access to the courts was not interfered with to the degree that he was prevented from preparing or filing a habeas corpus petition as he has claimed. This conclusion is supported by the fact that the plaintiff has subsequently filed at least two §1983 actions while participating in a third. As such, it does not appear that the plaintiff has adequately stated a claim against defendants HUDSON, BOBBIT, or, HILSON, and IT IS RECOMMENDED that these claims be DISMISSED..

*Defendant Terry*

Plaintiff's allegations against defendant TERRY concern a search of his cell which occurred on February 29, 2008. In particular, plaintiff BLOUNT claims that defendant WARDEN TERRY ordered the search and subsequently witnessed unidentified officers destroy the plaintiff's trial transcript. According to BLOUNT, the search and alleged destruction of the transcript took place in his absence. In relation to these claims, the undersigned directed the plaintiff to answer the following questions: (1) Is the trial transcript from your 1993 criminal trial or from your 2006 parole revocation hearing? (2) What was the case name, case number, and type of proceeding that was allegedly impaired by the confiscation of plaintiff's trial transcript? (3) What was the specific way you were hindered in the case(s) – e.g., how has the loss of the transcript prevented you from pursuing a non-frivolous legal claim challenging your conviction?

In his response, plaintiff BLOUNT states that the transcript was of his 1993 criminal trial. This, according to the plaintiff, was a second copy of the transcript that had been destroyed by defendant HUDSON in 2007. Plaintiff claims that having the transcript was necessary in order to prepare a habeas corpus petition. Such an assertion, by itself, is simply not credible. For the same reasons stated in the above titled section on defendants BOBBIT, HILSON, and HUDSON, plaintiff has failed to state a claim insofar as he has failed to show the requisite actual injury required to assert a right of access claim. Accordingly, IT IS RECOMMENDED that this claim be DISMISSED.

*Defendants Amica and Hill*

While defendants AMICA and HILL have never been served with this lawsuit, the undersigned will nonetheless address the claims against these defendants. Plaintiff BLOUNT contends that he is entitled to money damages from defendants AMICA and HILL because they were negligent and incompetent in carrying out their duties as Investigator and Chief Grievance Coordinator, respectively. This negligence and incompetence, according to the plaintiff, led to his Fourteenth Amendment rights being violated. Mere negligence or incompetence, however, is not violative of the Fourteenth Amendment and certainly is not sufficient to state a claim under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 88 L. Ed.2d 662, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986). As such, defendants AMICA and HILL should be dismissed from this suit. IT IS SO RECOMMENDED.

## CONCLUSION AS TO PLAINTIFF'S CLAIMS

In accordance with the above findings, **IT IS RECOMMENDED** that defendants' motion seeking dismissal be **GRANTED IN PART and DENIED IN PART**. Only plaintiff BLOUNT's February, 2008 claim against defendant DUCOTE will remain if this Recommendation is accepted. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the foregoing RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## PENDING MOTIONS

Also pending before the court are plaintiff's MOTION FOR A PRELIMINARY INJUNCTION (Tab #14), MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE (Tab #22), MOTION FOR MORE TIME IN THE LAW LIBRARY (Tab #25), and MOTION TO DECLARE THE GRIEVANCE PROCEDURE UNCONSTITUTIONAL (Tab #28).

Plaintiff's motion seeking more time to file a response is **DENIED** as moot. With regard to plaintiff's motions for a preliminary injunction and for more time in the law library, the defendants aver that the plaintiff failed to exhaust his administrative remedies. In support of this averment, the defendants have provided the affidavit of John Hill, the Grievance Coordinator at MSP. Therein, Mr. Hill states that plaintiff BLOUNT has filed no grievances relating to the aforementioned claims.[2] In light of this evidence, **IT IS RECOMMENDED** that plaintiff BLOUNT's requests for injunctive relief be **DENIED** as unexhausted. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

---

[2] In addition, the defendants also provided the affidavit of one Marva White, Media Resource Specialist at MSP. In her affidavit, Ms. White reports that plaintiff BLOUNT is familiar with the use of the law library having utilized the same on several occasions included 2 occasions in September, 2008 and three occasions in October, 2008.

Plaintiff BLOUNT's remaining motion seeks a declaration that the grievance procedure is unconstitutional. In response to this motion, the defendants correctly note that inmates do not have a constitutionally-protected liberty interest in an inmate grievance procedure, see, e.g. *Thomas v. Warner*, 237 Fed. Appx. 435, 437-38 (11th Cir. 2007). Defendants also contend that the plaintiff failed to sufficiently identify anything unconstitutional about the actual grievance policy, and as such, his motion should be denied. After a careful review of the plaintiff's motion, the undersigned agrees. Accordingly, it is **RECOMMENDED** that the plaintiff's motion seeking a declaration that the grievance policy is unconstitutional be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED and RECOMMENDED this 15th day of JANUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE