**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON  DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| **RICKY BLOUNT,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | **5:08-CV-124 (CAR)** |
| **v.** | : | |
| | : | |
| **WILLIAM TERRY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

**ORDER ON THE REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the United States Magistrate Judge's Recommendation [Tab 30] that Defendants' Motions to Dismiss [Doc. 18 & 19] be granted as to all claims but one against Defendant Ducote.  The Magistrate Judge further recommended that Plaintiff's claims against Defendants Amica and Hill be dismissed and that Plaintiff's pending Motion for a Preliminary Injunction [Doc. 14], Motion for an Extension of Time to File a Response [Doc. 22], Motion for More Time in the Law Library [Doc. 25], and Motion to Declare the Grievance Procedure Unconstitutional [Doc. 28] all be denied.  Plaintiff did not file an Objection to the Recommendation. Defendant Ducote, however, did file a timely Objection [Doc. 31] to the partial denial of her motion to dismiss. No Response to the Objection was filed.

In her Objection, Defendant Ducote contends that the United States Magistrate Judge erred in concluding that Plaintiff could properly state a claim based upon her alleged interference with his legal mail.  Plaintiff basically claims that Ducote failed to follow specific procedures for handling

legal mail and that, as a result, his mail was lost or stolen.  Plaintiff further contends that, because he did not receive this mail, his case, 5:07-CV-481, was dismissed without prejudice for failure to respond to a court order.  In his Recommendation, the Magistrate Judge found that Plaintiff had sufficiently stated a claim requiring further factual development.  The court was not persuaded by Defendant Ducote's arguments below that Plaintiff has suffered no actual injury because the same claims stated in the dismissed action were again before the court in the present case.  This Court fully agrees with the United States Magistrate Court's findings.

In Objection, however, Defendant Ducote raises an issue not specifically addressed by the Magistrate Court.  Ducote now contends that the remaining claim against her may not stand because the Magistrate Court ultimately concluded that the allegations in his Complaint, which were essentially the same as those stated in the previously dismissed action, failed to state a claim. Ducote thus contends that Plaintiff did not suffer any "actual injury" from her alleged failure to protect his legal mail because all the claims contained within the dismissed action were frivolous.

Defendant is correct that an actual injury may only be established, in cases like the one at bar, where the plaintiff demonstrates his efforts to pursue a *nonfrivolous* claim were frustrated or impeded by the defendant's action.  <u>Barbour v. Haley</u>, 471 F.3d 1222, 1225 (11th Cir. 2006) (emphasis added).  Accordingly, to establish a claim that prison officials unlawfully interfered with access to the courts, a plaintiff must prove that he had "a colorable underlying claim for which he seeks relief." <u>Id.</u> at 1226.  In other words, "the plaintiff must identify within his [prior] complaint, a 'nonfrivolous,' 'arguable' underlying claim.'" <u>Id.</u>

Here, Defendant shows that, in Plaintiff's previously dismissed action, Plaintiff virtually admitted, on the face of his complaint, that he had not properly exhausted his claims, and thus such claims were frivolous and subject to dismissal.  Defendant further shows that, even if Plaintiff had

exhausted his administrative remedies in the prior case, Plaintiff's prior complaint asserted the same allegations as those dismissed in the case at bar.  In the prior case, Plaintiff complained that he failed to receive his legal mail in of April 2007, that Officers Hudson, Bobbit and Hilson destroyed his legal mail in August, September, and November of  2007, that the librarian refused to notarize his witnesses statement in November of 2007, and that Warden Terry violated his rights by failing to supervise subordinates.  Defendant is correct in that these same allegations were considered by the United States Magistrate Judge below, and the Magistrate Judge determined that Plaintiff failed, as to each count, to state a claim upon which relief could be granted (either based upon the allegations or failure to exhaust his administrative remedies).  As such, Defendant now contends that, because the same allegations were considered by the United States Magistrate Court in the present action and dismissed as failing to state a claim, Plaintiff cannot now claim that his efforts to pursue a colorful or even nonfrivolous claim were frustrated or impeded by Defendant's alleged action.

It is unclear whether this exact argument was made before United States Magistrate Court. Regardless, this Court has discretion to consider it now, Williams v. McNeil, --- F.3d ----, 2009 WL 311298 *3 (11th Cir. 2009), and the Court does finds it to have merit.  Plaintiff has not provided any response in opposition.  Thus, in light of these arguments and the underlying findings by the United States Magistrate Court, this Court finds that the remaining claims against Defendant Ducote are, in fact, due to be dismissed.  Ducote has sufficiently shown that Plaintiff did not state any colorable underlying claims in his previously dismissed action, and he thus apparently suffered no "actual injury" for based upon Defendant's alleged failure to properly handle his legal mail.  C.f., Barbour, 471 F.3d at 1226.

The remaining claim against Defendant Ducote is therefore **DISMISSED**.  The remainder of the Recommendation of the United States Magistrate Judge is otherwise **ADOPTED** and **MADE**

**THE ORDER OF THE COURT**.

SO ORDERED, this 5th day of March, 2009.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

jlr/ssh